**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Christopher Chaney,<br><br>               Petitioner,<br><br>v.<br><br>JT Shartle,<br><br>               Respondent. | No. CV-16-00647-TUC-RCC<br><br>**ORDER** |

    Before the Court is a March 1, 2018, Report and Recommendation ("R&R") from Magistrate Judge Bernardo P. Velasco (Doc. 50) recommending this Court deny Petitioner's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 19)("the Petition"). Petitioner filed a timely objection to the R&R[1] (Doc. 51) which has been fully briefed (Doc. 52). Additionally, Petitioner filed a notice alerting

---

[1] In spite of the fact that he is represented by counsel, on March 29, 2018 and April 4, 2018, after Respondent had responded to Petitioner's timely filed objection, Mr. Chaney independently filed two pleadings purporting to supplement the objection filed by his attorney. See Docs. 54, 55. By and through these supplemental pleadings, Petitioner raises additional objections to the R&R. *Id.* The Court will disregard these supplemental pleadings as untimely objections. See Fed. R. Civ. P. 72(b)(2)("within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Additionally, the Court notes that Petitioner requested (Doc. 13) and was granted appointment of counsel in this matter (Doc. 4). Under Rule 83.3of the Local Rules of Civil Procedure for this District, whenever a party is represented by an attorney, that party cannot thereafter appear or act in that party's own behalf unless certain conditions are met. L.R. Civ. 83.3(c). Those conditions have not been met in this case. *Id.* Although the Court may exercise its discretion to hear a represented party in open court, the Court declines to do so here. *See, id.*

this Court to a Sixth Circuit matter examining whether Kentucky second-degree burglary categorically qualifies as generic burglary under the ACCA's enumerated-offenses clause – the same issue presented in the instant matter. Doc. 53 (citing *United States v. Malone*, No. 17-5727, 2018 WL 2107179, at *3 (6th Cir. May 8, 2018)).

The Court has considered the foregoing and, for the following reasons, accepts and adopts the R&R's findings of fact and conclusions of law. As such, the Court will also deny the Petition.

**A.   LEGAL STANDARD**

The duties of the district court in connection with an R&R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir.2001).

In the event a party objects to an R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). However, on its face, Section 636(b)(1) "does not . . . require any review at all . . . of any issue that is not the subject of an objection." *Thomas*, 474 U.S. at 149; *see also*, Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

**B.   BACKGROUND**

The factual and procedural background of this case is thoroughly detailed in the introduction of the R&R. Doc. 50 at 1-4. Petitioner's objection to the R&R does not concern these findings. See Doc. 51. As such, and by reference, this Court accepts and adopts the introduction section of the R&R.

**C. DISCUSSION**

Magistrate Judge Velasco's R&R recommends this Court find, as a threshold matter, that the Petition was properly brought under § 2241 (by way of 28 U.S.C. § 2255(e) ("the escape hatch provision")). Doc. 50 at 4-13. Petitioner's objection explicitly endorses this recommendation. See Doc. 51 at 2, 4 (also arguing that this Court should issue a certificate of appealability in the event it should disagree with the Magistrate's recommendation). There being no objection to Judge Velasco's disposition of this matter, this Court is not obliged to review it. Nonetheless, this Court has reviewed this portion of the R&R (and associated briefs from the parties) and finds it to be thoroughly well-reasoned. This Court therefore accepts and adopts this section and concludes that the Petition was properly brought under § 2241.

Turning to the merits of the petition, Chaney's sole, substantive objection to the R&R concerns Judge Velasco's determination that second-degree burglary, as defined by Kentucky Revised Statutes ("K.R.S.") § 511.030(1), categorically qualifies as generic burglary for purposes of sentencing enhancement pursuant to the Armed Career Criminal Act's ("ACCA") enumerated-offenses clause. According to Petitioner, Judge Velasco's reasoning is flawed because it "disregards binding precedent in light of authoritative interpretations of state law." Doc. 51 at 2.

As an initial point, the Court observes that Petitioner's objection merely reasserts the same points argued in favor of his Second Amended Petition. See Docs. 19 at ¶ 40; 41 at 3-5. The Court further observes that, despite his insistence that the Sixth Circuit would endorse his position, that circuit has not adopted the argument he continues to pursue by and through his objection. See Doc. 56; see also, *United States v. Maloney*, No. 17-5727, 2018 WL 2107179 (6th Cir. May 8, 2018).

Having considered the issue de novo, and for the reasons outlined below, the Court finds it is in agreement with the R&R's analysis of K.R.S. § 511.030, as compared to generic burglary. Doc. 50 at 17 – 20. Incidentally, the Court agrees with the Sixth Circuit's disposition in *Maloney*.

The argument Petitioner pursues by and through his objection is two-fold. First, he suggests that the Kentucky Supreme Court has issued decisions which, "show a realistic probability that Kentucky second-degree burglary is overbroad" when compared to generic burglary. Doc. 51 at 2-3, citing *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). More specifically, Petitioner argues that cases issued by the Kentucky high court suggest that the use of the term "dwelling" in the Kentucky second-degree burglary necessarily implicates the statutory definition of "building," and that, because the latter term encompasses vehicles and movable enclosures, the Supreme Court's decision in *Mathis v. United States,* 136 S.Ct. 2243, 2248 (2016), should compel this Court to find that Kentucky second-degree burglary is broader than generic burglary.

The Court has examined these cases and finds that Kentucky case law does not, in fact, support Petitioner's position. See, e.g., *Soto v. Commonwealth*, 139 S.W.3d 827, 869 (Ky. 2004)(finding that while K.R.S. 511.010(1) defines "building," K.R.S. 511.010(2) "separately defines a 'dwelling' as 'a building which is usually occupied by a person lodging therein,' indicating that 'building' encompasses a broader category of structures than 'dwelling.' "); *Colwell v. Commonwealth*, 37 S.W.3d 721, 726 (Ky. 2000) (concluding, per the statutory definitions, that "every dwelling is a building, but every building is not a dwelling.").

Second, Petitioner complains that Judge Velasco's analysis inappropriately draws support from *United States Moody*, No. 5:13-cr-133-KKC-HAI, 2017 WL 2434788 (E.D. Ky. Mar. 9, 2017), *adopted by* 2017 WL 2434535 (E.D. Ky. Jun. 5, 2017). *Id*. at 2-3. In that case, an Eastern District of Kentucky magistrate judge considering the same statute of conviction at issue in this case recommended, as Judge Velasco did, that the district court should find that it categorically qualified as generic burglary. *Id*. *Moody*, Petitioner argues, was subsequently undercut by *United States v. Stitt*, 860 F.3d 854, 858-59 (6th Cir. 2017), in which the Sixth Circuit, sitting en banc, held that Tennessee aggravated-burglary does not categorically qualify as generic burglary. *Id*. at 3.

However, as Petitioner himself observed, the Sixth Circuit has, even more

recently, confronted "the very question that [Petitioner's] petition presents – whether, in the wake of *Stitt*, Kentucky's second-degree burglary statute qualifies as a generic burglary and thus a 'violent felony' under ACCA." Doc. 53 at. 3. And in that case, *United States v. Malone*, the Sixth Circuit was aligned with *Moody* and Judge Velasco in so far as it held that Kentucky second-degree burglary does so qualify. No. 17-5727, 2018 WL 2107179 at *3 (6th Cir. May 8, 2018).

In sum, and for the reasons discussed in the R&R, this Court finds Petitioner's 180-month sentence, which was predicated on his three prior convictions for Kentucky second-degree burglary, was not inappropriately enhanced under the ACCA.

**IT IS ORDERED**:

1. Magistrate Judge Velasco's Report and Recommendation (**Doc. 50**) is hereby **ACCEPTED and ADOPTED** as the findings of fact and conclusions of law by this Court over Petitioner's objection.

2, Petitioner's Second Amended Petition for Writ of Habeas Corpus (**Doc. 19**) is **DENIED**.

3. The Clerk of the Court shall enter judgment accordingly and close its file in this case.

Dated this 24th day of May, 2018.

_____
Honorable Raner C. Collins
Chief United States District Judge